**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HICA Education Loan Corporation, | ) |
| Plaintiff, | ) No. CV-11-244-TUC-DTF |
| | ) |
| vs. | ) **DEFAULT JUDGMENT** |
| | ) |
| Paul W. Miller, Jr., | ) |
| Defendant. | ) |

Pending before the Court is Plaintiff's Application for Entry of Default Judgment.[1] Plaintiff seeks judgment against Defendant for an unpaid loan in the amount of $7701.26, plus interest. (Doc. 14.)

Plaintiff submitted an application for entry of default on June 16, 2011 (Doc. 8), which the Clerk of Court entered against Defendant Paul Miller on June 23, 2011 (Doc. 9). After entry of a default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(b). The request for relief can neither differ from nor exceed that prayed for in the complaint. *See* Fed. R. Civ. P. 54(c).

Once default has been entered, the Court must take as true all factual allegations in the complaint, except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*,

---

[1] Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 6.) Because Defendant did not appear and establish his standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment. *See United States v. Real Property*, 135 F.3d 1312, 1314 (9th Cir. 1998).

559 F.2d 557, 560 (9th Cir. 1977)). Plaintiff's complaint alleges breach of contract. (Doc. 1.) The allegations taken as true establish that Defendant borrowed $6091 from Chase Manhattan Bank on August 3, 1994, which was memorialized in a Promissory Note. The Note was executed pursuant to 42 U.S.C. §§ 292, *et seq.* Pursuant to the Note, interest accrues at a variable rate. Additionally, Defendant agreed to pay late charges, attorney's fees and other costs necessary for collection of any amount not paid when due. In November 2003, Plaintiff HICA bought the note and is the current owner of it.

Defendant failed to make the payments due under the Note, amounting to a breach of contract. Plaintiff has demanded payment, but Defendant has failed and refused to pay the amount due. The unpaid principal equals $7395.31, interest totals $299.14 through July 13, 2011, interest accrues at $.48 per day until the date of judgment, and there are late charges in the amount of $6.81, costs in the amount of $350, and post-judgment interest. (Doc. 1 at 2-4; Doc. 10-2.)

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 James Wm. Moore et al., Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

There is a significant possibility of prejudice to Plaintiff if default is not entered because Plaintiff would be deprived of the only available avenue of redress for Defendant's breach. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002). As summarized above, Plaintiff's complaint is sufficient on its face and the claim as pled is meritorious. That does not foreclose the possibility that the material facts could be

disputed if Defendant had appeared, however, he forfeited the right to challenge those facts by failing to respond. With respect to factor four, Plaintiff is seeking only the amount owing under the Note, and court costs. The sum sought is relatively small and defined by the contract, which favors granting default judgment. With respect to factor six, nothing before the Court indicates Defendant's default was due to excusable neglect. The record reflects Defendant was personally served with the original complaint (Doc. 7), and Defendant was sent a copy of the request for entry of default and application for default judgment (Docs. 8, 10). *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp.2d 995, 1005 (N.D. Cal. 2001) (no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Defendant has made no appearance nor is there an indication of any contact with Plaintiff's counsel. Despite the strong policy favoring a decision on the merits, Defendant's failure to appear renders that impossible, which is why Rule 55 exists. Considering all the relevant factors, a default judgment is warranted.

The Court may hold a hearing to assess damages, however, it is not required if plaintiff claims a liquidated sum or damages can be assessed based on affidavits. *See Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981). Because Plaintiff seeks only the amount owing under the Note, plus court costs, a hearing is unnecessary.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Application for Entry of Default Judgment (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of:

1. $7701.26 (representing $7395.31 in unpaid principal, accrued unpaid interest of $299.14, and $6.81 in late fees through July 13, 2011), plus prejudgment interest at the rate of $0.48 per day from July 14, 2011, until the date of this Judgment.

2. Post-judgment interest is awarded on the sums in Paragraph 1 at the contractual rate set forth in the Note, which is a variable rate calculated by the Secretary of the Department

| | |
|---|---|
| 1 | of Health and Human Services for each calendar quarter and computed by determining the |
| 2 | average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned |
| 3 | during the preceding quarter, plus 2.20%, rounding this figure up to the nearest one-eighth |
| 4 | of one percent; and |
| 5 |     3. Court costs in the amount of $350. |
| 6 | DATED this 4th day of October, 2011. |

*(signature)*

D. Thomas Ferraro
United States Magistrate Judge